IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

|  |  |  |
|---|---|---|
| DE LAGE LANDEN FINANCIAL SERVICES, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CIVIL NO. 3:09CV574 |
| THE DIXIE GROUP, INCORPORATED, | ) ) ) | |
| Defendant. | ) ) ) | |

## MEMORANDUM OPINION

This matter is before the Court by consent of the parties pursuant to 28 U.S.C. § 636(c)(1) on Plaintiff's Motion for Summary Judgment (Docket No. 28). For the reasons set forth herein, Plaintiff's motion is GRANTED.

### I. Background

Plaintiff, De Lage Landen Financial Services, Inc. ("DLL"), financed multiple equipment leases for Defendant, The Dixie Group, Incorporated ("Dixie"), beginning in October of 2007. Under the terms of the leases, Dixie was required to make monthly payments to DLL. Dixie concedes that it failed to make the required monthly payments starting at least as early June 1, 2009, and that it has not cured its default under the leases, despite DLL's demand to do so. DLL has therefore accelerated the balance due on the leases and as of March 16, 2010, damages, as a result of nonpayment, total $1,470,580.64 by agreement of the parties. DLL is also requesting interest, per the terms of the lease, at the rate of 18% per annum (to begin as of March 16, 2010

by agreement), and the costs of collection, including reasonable attorneys' fees, which total $29,361.73 through April 15, 2010[1], as also agreed upon by the parties.

## II. Standard of Review

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The relevant inquiry in a summary judgment analysis is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986). In reviewing a motion for summary judgment, the Court must view the facts in the light most favorable to the non-moving party. Id. at 255.

Once a motion for summary judgment is properly made and supported, the opposing party has the burden of showing that a genuine dispute exists. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact. Anderson, 477 U.S. at 247-48 (emphasis in original). Indeed, summary judgment must be granted if the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v.

---

[1] The Court notes that Plaintiff has also requested "any and all other costs and expenses of collection incurred herein." (Pl.'s Mot. for Summ. J.) However, the Court is unable to grant the request for prospective relief, as no definitive amount is stated or ascertainable at this juncture.

Catrett, 477 U.S. 317, 322 (1986). To defeat an otherwise properly supported motion for summary judgment, the nonmoving party must rely on more than conclusory allegations, "mere speculation," the "building of one inference upon another," the "mere existence of a scintilla of evidence," or the appearance of some "metaphysical doubt" concerning a material fact. Lewis v. City of Va. Beach Sheriff's Office, 409 F. Supp. 2d 696, 704 (E.D. Va. 2006) (citations omitted). Of course, the Court cannot weigh the evidence or make credibility determinations in its summary judgment analysis. Williams v. Staples, Inc., 372 F.3d 662, 667 (4th Cir. 2004).

Furthermore, a "material fact" is a fact that might affect the outcome of a party's case. Anderson, 477 U.S. at 247-48; JKC Holding Co. LLC v. Wash. Sports Ventures, Inc., 264 F.3d 459, 465 (4th Cir. 2001). Whether a fact is considered to be "material" is determined by the substantive law, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson, 477 U.S. at 248; see also Hooven-Lewis v. Caldera, 249 F.3d 259, 265 (4th Cir. 2001). A "genuine" issue concerning a "material" fact only arises when the evidence, when viewed in the light most favorable to the non-moving party, is sufficient to allow a reasonable jury to return a verdict in that party's favor. Anderson, 477 U.S. at 248.

### III. Analysis

DLL alleges that Dixie has not made monthly payments under the leases since at least June 1, 2009.[2] DLL asserts that Dixie's failure to pay constitutes default under the leases. DLL also asserts, in the alternative, that Dixie's insolvency is a basis for default under the lease.

Dixie disputes that its alleged insolvency is a ground for default, arguing that the

---

[2] DLL notes that though Dixie defaulted under some of the leases as early as January of 2009, DLL and Dixie are willing to consider June 1, 2009 as the date of default.

information DLL referenced regarding the alleged fact is not admissible evidence. Specifically, Dixie argues that such financial information as DLL references in support of its alternative argument was provided during the course of settlement discussions, and such evidence is not admissible pursuant to Fed. R. Evid. 408 because of the attendant confidentiality principles.

Though Dixie asserts a valid argument as to its alleged insolvency, Dixie offers no defense to DLL's allegation that Dixie's failure to pay is an alternative ground for default. Indeed, Dixie admits in its response that it failed to make the required monthly payments, and, reserving its objections regarding its alleged insolvency, "cannot controvert the facts supporting Plaintiff's motion." (Def.'s Response to Pl.'s Mot. for Summ. J. ("Def.'s Mem.") at 2-6.)

Dixie has admitted: (1) that it entered into the leases with DLL; (2) that it subsequently failed to make the required monthly payments as of at least June 1, 2009; (3) that it failed to cure its default after demand to do so was made by DLL; (4) that the accelerated balance is immediately due and payable; and (5) that it owes DLL, as of March 16, 2010, $1,470,580.64, together with 18% interest on the unpaid balance; plus the fair market value of the equipment; and DLL's costs of collection (including reasonable attorneys' fees, litigation expenses, and court costs), which total $29,361.73 as of April 15, 2010. Dixie's candid admission that it is in default on the leases for failure to make required monthly payments resolves the only genuine issue of material fact in the matter. Therefore, because there is no remaining genuine issue of material fact, DLL's motion must be granted and judgment entered in its favor.

## IV. Conclusion

For the reasons discussed herein, DLL's Motion for Summary Judgment (Docket No. 28) is GRANTED.

An appropriate Order shall issue.

/s/
                                        Dennis W. Dohnal
                                        United States Magistrate Judge

Richmond, Virginia
Dated: June 4, 2010